UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARC BARKER,

                Plaintiff,

-against-

DSR B. SMITH,

                Defendant.

16-cv-0076 (NSR)(PED)

ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge:

Plaintiff Marc Baker ("Plaintiff") commenced this action, pursuant to 42 U.S.C. § 1983 against four named individuals employed at Downstate Correctional Facility ("Downstate"). Plaintiff alleges he was falsely accused of an assault which led to being placed in the Security Housing Unit ("SHU'), colloquially referred to as solitary confinement, for a period of one hundred and twenty (120) days. Following motion practice, the Court referred this matter to Magistrate Judge Paul E. Davidson ("MJ Davison") for general pretrial supervision (Order of Reference, Docket No. 30.) Now before the Court is MJ Davison's Report and Recommendation ("R & R") recommending that Plaintiff's remaining claims be dismissed for want of prosecution. (*See* Docket No. 57.) For the following reasons, the Court adopts MJ Davison's R & R in its entirety, and Plaintiff's complaint is DISMISSED.

## PROCEDURAL BACKGROUND

The relevant procedural background is set forth the R & R. In substance, Plaintiff has failed to respond to discovery requests and to make himself available for deposition despite multiple court orders. In addition, Plaintiff refused or failed to appear (telephonically) at several scheduled court conferences. Notably, by Order dated March 14, 2018, the court informed Plaintiff that his

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/24/2018

1

failure to attend his deposition may result in severe sanctions, including dismissal of the action for failure to prosecute. (Docket No. 50.)

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34,

38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## DISCUSSION

Defendant did not timely object to the R & R. Thus, the Court reviews the R & R for clear error. In recommending dismissal of Plaintiff's complaint for failure to prosecute, MJ Davison weighed the five factors enumerated in FRCP 41(b). *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Although the court also weighed Plaintiff's *pro se* status, it nonetheless determined, *inter alia*, that Plaintiff's pattern of noncompliance with court-ordered discovery was willful and intended to delay. The court further determined that Plaintiff's failure to appear or make himself available for deposition prejudiced Defendants' ability to "adequately prepare for trial." This Court agrees. Having found no clear error, the Court adopts the R & R, and the complaint is dismissed for failure to prosecute.

## CONCLUSION

For the reasons stated above, the Court adopts MJ Davison's R & R in its entirety. Plaintiff's complaint is dismissed. The Clerk of Court is directed to terminate the case, to mail a copy of this Opinion to Plaintiff, and to show proof of service on the docket.

Dated: May 24, 2018
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN